IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, <br><br> TUCKPOINTERS LOCAL 52 PENSION PLAN, <br><br> TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND, <br><br> TERRY ROCCO, as Administrative Manager of the CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, TUCKPOINTERS LOCAL 52 PENSION PLAN and TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND, <br><br>         Plaintiffs, <br><br>     v. <br><br> GREAT LAKES CONSTRUCTION COMPANY, an Illinois corporation, <br><br>         Defendant. | FILED        EDA <br> MARCH 14, 2008 <br> 08CV1527 <br> JUDGE NORGLE <br> MAGISTRATE JUDGE DENLOW <br><br> CIVIL ACTION <br><br> NO. <br><br> JUDGE |

**COMPLAINT**

Now come the CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52; TUCKPOINTERS LOCAL 52 PENSION PLAN; TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND, and TERRY ROCCO, as Administrative Manager of the CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY,

LOCAL 52, TUCKPOINTERS LOCAL 52 PENSION PLAN and TUCKPOINTERS LOCAL 52 DEFINED CONTRIBUTION ANNUITY TRUST FUND, by their attorneys, and for their Complaint against Defendant, GREAT LAKES CONSTRUCTION COMPANY, an Illinois corporation, allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sections 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs are "employee welfare benefit plans," "plans," and "fiduciaries," within the meaning of ERISA, and Plaintiff, TERRY ROCCO, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District.

3. Defendant is an "employer" within the meaning of ERISA, who is obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreements and Declarations of Trust pursuant to which Plaintiffs are maintained and/or pursuant to the terms of a collective bargaining agreement to which Defendant is a party or is obligated along with the Pointers, Cleaners and Caulkers Union, Local No. 52, Bricklayers and Allied Craftsmen.

4. Defendant is delinquent in the submission of the contributions to Plaintiffs required of it, and is further delinquent in the submission of monthly reports, submission of which is required by the plan from all participating employers in order to identify those persons who may be eligible for benefits provided by Plaintiffs.

5. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $39,332.46 known to be due

Plaintiffs from Defendant for contributions for the period of October 2007 through January 31, 2008, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

6.  Plaintiffs have requested that Defendant perform its obligations, but Defendant has refused and failed to so perform.

7.  Pursuant to the terms of Defendant's collective bargaining agreement with Local 52, Plaintiffs have further assessed against Defendant liquidated damages and interest in the amount of $7,866.49, for Defendant's past failure to pay contributions in a timely fashion. Defendant has been provided notice of the months for which contributions and liquidated damages are due and outstanding. Notwithstanding the foregoing, Defendant has ignored all such notices and has failed to pay liquidated damages and interest as required by its collective bargaining agreement.

8.  Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

A.  That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs, and to continue submitting such reports while this action is pending.

B.  That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, interest on the unpaid contributions, liquidated damages, and Plaintiffs' reasonable attorneys' fees and costs of action, as specified herein or as subsequently determined, all as provided for in the plans and in ERISA.

  C. That Defendant be permanently enjoined to perform specifically its obligations to Plaintiffs, and in particular to continue submitting the required reports and contributions due thereon to Plaintiffs in a timely fashion as required by the plans and by ERISA.

  D. That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

                /s/ Cecilia M. Scanlon

Catherine M. Chapman  
Beverly P. Alfon  
Cecilia M. Scanlon  
Attorneys for the Plaintiffs  
BAUM SIGMAN AUERBACH & NEUMAN, LTD.  
200 W. Adams Street, Suite 2200  
Chicago, IL  60606-5231  
Bar No.: 6288574  
Telephone: 312/236-4316  
Facsimile: 312/236-0241  
E-Mail: cscanlon@baumsigman.com

I:\52J\Great Lakes\#20076\2008\complaint.cms.df.wpd