IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, *et al.*, ) ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | NO. 08 C 1527 |
| v. ) | |
| ) | JUDGE CHARLES R. NORGLE |
| GREAT LAKES CONSTRUCTION COMPANY, an Illinois corporation, ) ) ) | |
| Defendant. ) | |

## JUDGMENT ORDER

This matter coming on to be heard upon the Motion of Plaintiffs, by their counsel, it appearing to the Court that the Defendant, GREAT LAKES CONSTRUCTION COMPANY, an Illinois corporation, having been regularly served with process and having failed to appear, plead or otherwise defend, and default of said Defendant having been taken, the Court, first being fully advised in the premises and upon further evidence submitted herewith, FINDS:

1. It has jurisdiction of the subject matter herein and of the parties hereto.

2. The Defendant is bound by the terms of the collective bargaining agreement referred to in the Complaint of Plaintiffs.

3. The Defendant is obligated to make contributions to each of the Plaintiff Funds in accordance with collective bargaining agreement.

4. The Defendant is bound by all the terms and conditions set forth in the Agreements and Declarations of Trust governing the Plaintiff Funds.

5. Defendant has submitted monthly contribution reports to the Plaintiffs indicating all employees of the Defendant covered by the collective bargaining agreement referred to in the Complaint and the number of hours worked or paid for pursuant to the terms of the collective bargaining agreement referred to herein, for the months of October 2007 through March 2008.

6. Said monthly contribution reports establish that there is due and owing, for the period in question, to Plaintiffs, contributions in the total amounts set forth below:

|  | Contributions |
|---|---|
| Welfare Fund | $10,974.42 |
| Pension Fund | $ 7,729.43 |
| Annuity Fund | $ 5,002.40 |

7. Pursuant to the Trust Agreements, a liquidated damages surcharge has been assessed against the Defendant in the amount of twenty (20%) percent of all contributions due and unpaid and all contributions which were paid late, for the months of October 2007 through March 2008, in amounts set forth below:

|  | Liquidated Damages |
|---|---|
| Welfare Fund | $2,194.88 |
| Pension Fund | $1,545.89 |
| Annuity Fund | $1,000.48 |

8. Plaintiffs are entitled to make an audit of the payroll books and records of Defendant to verify the accuracy of the monthly reports referred to herein and covered by the reports submitted to Plaintiffs, and to determine what additional amounts are due and owing to Plaintiffs.

9. Defendant has failed to timely make all contributions required to be made to the Plaintiff Funds, as provided in the Agreements and Declarations of Trust governing the respective Funds, Plaintiffs are entitled to recover:

(a) the cost of the audit of the payroll books and records of Defendant;

(b) a sum equal to twenty (20%) percent of the amount determined to be due;

(c) costs and expenses of the Trustees, including their reasonable attorneys' fees.

10. Plaintiffs have incurred costs totaling $420.00 and reasonable attorneys' fees totaling $398.75.

11. There is no just cause for delay in the entry of a Judgment Order as to the sum of $29,266.25 owed to the Plaintiffs from Defendant.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

A. That Plaintiffs recover from the Defendant, GREAT LAKES CONSTRUCTION COMPANY, an Illinois corporation, the sum of $23,706.25 for contributions and the additional sum of $4,741.25 for liquidated damages, or a total sum of $28,447.50.

B. That Plaintiffs recover from the Defendant, GREAT LAKES CONSTRUCTION COMPANY, an Illinois corporation, the sum of $420.00 for their costs and $398.75 as and for Plaintiffs' just and reasonable attorneys' fees.

C. That Plaintiffs recover from the Defendant, GREAT LAKES CONSTRUCTION COMPANY, an Illinois corporation, the total sum of **$29,266.25**.

D. Plaintiffs are awarded execution for the collection of the judgments and costs granted hereunder.

E.  The Court hereby retains jurisdiction of this cause and all of the parties hereto for the purpose of enforcing this Order.

ENTER:

*Charles Norgle*
UNITED STATES DISTRICT JUDGE

DATED: 5/23/2008

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\52J\Great Lakes\#20076\2008\judgment order.cms.df.wpd

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she caused a copy of the foregoing document (Judgment Order) to be served upon:

> Mr. Gerald A. Miller, Registered Agent
> Great Lakes Construction Company
> 1769 W. Armitage Avenue
> Chicago, IL  60622

by U.S. Mail on or before the hour of 5:00 p.m. this 13th day of May 2008.

/s/  Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\52J\Great Lakes\#20076\2008\judgment order.cms.df.wpd