IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, et al, </br></br>Plaintiffs,</br></br>v.</br></br>GREAT LAKES CONSTRUCTION COMPANY, an Illinois corporation,</br></br>Defendant. | Case No. 08 C 1527</br></br>Judge Norgle, Room 2341</br></br>Magistrate Judge Denlow |

## ANSWER

Defendant Great Lakes Construction Company ("Great Lakes"), through its attorney, Anderson Law Offices, and answers the complaint as follows:

　　1.　　This action arises under the laws of the United States and brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Sections 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

ANSWER:　　Admits.

　　2.　　Plaintiffs are "employee welfare benefit plans," "plans," and "fiduciaries," within the meaning of ERISA, and Plaintiff, TERRY ROCCO, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District.

ANSWER:　　Admits.

　　3.　　Defendant is an employer within the meaning of ERISA, who is obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreements and Declaration of Trust pursuant to which Plaintiffs are maintained and/or pursuant to the terms of a collective bargaining

agreement to which Defendant is a party or is obligated along with the Pointers, Cleaners and Caulkers Union, Local No. 52, Bricklayers and Allied Craftsmen.

ANSWER: Admits.

4. Defendant is delinquent in the submission of the contributions to Plaintiffs required of it, and is further delinquent in the submission of monthly reports, submission of which is required by the plan from all participating employers in order to identify those persons who may be eligible for benefits provided by Plaintiffs.

ANSWER: Admits.

5. That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $39,332.46 know to be due Plaintiffs from Defendant for contributions for the period of October 2007 through January 31, 2008, and subject further to the possibility that additional contributions and liquidated damages will com due during the pendency of this lawsuit.

ANSWER: Denies.

6. Plaintiffs have requested that Defendant perform its obligations, but Defendant has refused and failed to so perform.

ANSWER: Admits request, denies refusal.

7. Pursuant to the terms of Defendant's collective bargaining agreement with Local 52, Plaintiffs have further assessed against Defendant liquidated damages and interest in the amount of $7,866.49, for Defendant's past failure to pay contributions in a timely fashion. Defendant has been provided notice of the months for which contributions and liquidated damages are due and outstanding. Notwithstanding the foregoing, Defendant has ignored all such notices and has failed to pay liquidated damages and interest as required by its collective bargaining agreement.

ANSWER: Denies.

**8.** **Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.**

**ANSWER:** Denies.

**WHEREFORE**, defendant Great Lakes Construction Company prays that the complaint be dismissed.

GREAT LAKES CONSTRUCTION CO.

_____
One of its Attorneys

OF COUNSEL:
Burr E. Anderson
Anderson Law Offices
407 S Dearborn, Suite 1085
Chicago, Illinois   60605
(312) 957-1100
burranderson@employmentlawillinois.com
Atty# 3121649

3